UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AFFILIATED FM INSURANCE CO., | CASE NO. C06-1750JLR |
| Plaintiff, | ORDER |
| v. | |
| LTK CONSULTING SERVICES, INC, | |
| Defendant. | |

## I.    INTRODUCTION

Before the court are (1) Defendant LTK Consulting Services, Inc.'s ("LTK") motion to strike Plaintiff Affiliated FM Insurance Company's ("AFM") expert witness disclosures (Dkt. # 60), and (2) AFM's motion to compel discovery (Dkt. # 73).  The court has reviewed both motions, all memorandum and declarations filed in support or

ORDER- 1

1  opposition thereto, and the relevant law.  Being fully advised,[1] the court DENIES LTK's

2  motion to strike AFM's expert witness disclosures (Dkt. # 60) and GRANTS AFM's

3  motion to compel discovery (Dkt. # 73).

4  ## II.  BACKGROUND

5       This action arises out of a fire that occurred on May 31, 2004 and damaged the

6  Blue and Red Trains of the Seattle Monorail System ("SMS").  (*See* Not. of Rem. (Dkt. #

7  1) at 7 (Compl. ¶¶ 1.1, 3.2).)  AFM paid SMS $3,267,861.00 for damages resulting from

8  the fire.  (*Id.* ¶ 5.1.)  AFM brings this action as the subrogee of the SMS against LTK

9  regarding engineering services that LTK allegedly performed negligently with respect to

10  the SMS.  (*Id.*)

11       On January 18, 2012, the parties asked for an extension of certain pretrial

12  deadlines.  (Stip. Mot. (Dkt. # 46).)  On January 23, 2012, the court granted this motion

13  in part by extending certain deadlines, including the deadline for expert disclosures from

14  January 18, 2012 to March 20, 2012, the deadline for discovery motions from February

15  17, 2012 to April 3, 2012, and the deadline for completing discovery from March 19,

16  2012 to April 10, 2012.  (1/23/12 Ord. (Dkt. # 49) at 2-3.)

17

18

19

20

21

22     [1] Neither party has requested oral argument with respect to either motion, and the court deems it to be unnecessary.

ORDER- 2

## A. LTK's Motion to Strike

Despite the fact that the deadline set by the court for disclosing expert witnesses expired on March 20, 2012, no party in this litigation had served their expert disclosures by that date.  LTK served its expert witness reports on April 10, 2012 (4/13/12 Wahtola Decl. (Dkt. # 61-1) ¶ 9) and its expert witness disclosures on April 13, 2012 (*id.* ¶ 10), and AFM filed and served its expert witness disclosures on April 11, 2012 (AFM's Expert Discl. (Dkt. # 58)).

On March 30, 2012, LTK filed a motion to extend all of the pretrial deadlines and the trial date by approximately six months.  (*See* Dkt. # 51.)  AFM did not oppose the motion, but on April 13, 2012, LTK suddenly withdrew its motion and asked only that the deadline for expert witness disclosures be extended.  (*See* Dkt. # 61.)  Because AFM did not oppose this request or demonstrate any prejudice as a result of the delay in LTK's expert witness disclosure, the court granted the motion and extended the expert witness disclosure deadline to April 10, 2012, stating that "LTK's expert witness disclosures on April 10, 2012 would now be considered timely."  (*See* 5/1/12 Order at 8-9.)  The court should have extended the deadline to April 13 because this was in fact the date of LTK's late expert witness disclosures.  The court, however, only extended the deadline to April 10 because it was under the misapprehension (due to LTK's confusing briefing, and AFM's failure to respond to LTK's motion at all) that LTK had served both its expert reports and expert witness disclosures on April 10, 2012.  (*See* 5/1/12 Order at 8-9.)  In any event, despite the court's extension of leniency toward LTK with respect to the late service of its expert witness reports and disclosures, LTK now asks the court to strike

1  AFM's late expert witness disclosures – even though AFM's expert disclosures were

2  actually filed and served two days earlier than LTK's disclosures.  (*See generally* LTK

3  Mot. (Dkt. # 60).)

4       LTK also asserts that AFM's expert disclosures should be struck because AFM's

5  reports "totally abandon the factual allegations pled in the [c]omplaint and posit an

6  entirely different and contrary set of facts involving both different manners of negligence

7  and different timeframes."  (LTK Mot. at 10.)  In their complaint, AFM alleges that

8  "[t]he electrical ground fault responsible for causing the fire in the Blue Train on May 30,

9  2004 would have been avoided if the electrical grounding system for the Blue Train had

10 not been changed at the direction of LTK Engineering in 2002," and "LTK . . .

11 negligently failed to exercise ordinary care in changing the electrical grounding system

12 for the Blue and Red Trains . . . in 2001 and 2002." (Compl. ¶¶ 3.3, 4.2.)  However, in its

13 November 30, 2011 responses to LTK's requests for admission, AFM stated that

14 "[d]iscovery to date has uncovered that, in fact, the City of Seattle contracted with

15 defendant to refurbish the Seattle Monorail System first in 1990 and 1997," and that

16 "[w]hen defendant contracted with the City of Seattle in 1990 and 1997, the Grounding

17 System for the Blue Train was a floating ground system."  (3/30/12 Wahtola Decl. (Dkt.

18 # 52) ¶ 22 & Ex. 3.)  AFM provided similar answers on December 7, 2011 in response to

19 LTK's interrogatories indicating that during 1997 "LTK approved the modification of the

20 train grounding scheme from a 'floating body' design to a 'body ground to negative rail'

21 design," and this change "represented a fundamental change in the grounding system that

22

ORDER- 4

1  affected its function, maintenance and operating procedures, and safety for both staff and

2  passengers." (*Id.* Ex. 5 at 2-4.)

3      AFM's expert reports apparently build on the theory of liability outlined in AFM's

4  November and December 2011 discovery responses.  AFM's expert reports suggest that

5  LTK was negligent because (1) LTK allegedly changed a "floating" grounding system on

6  the SMS to a "grounded" grounding system in 1997 or 1998, and (2) LTK allegedly

7  failed to change the "grounded" grounding system back to a "floating" grounding system

8  in 2001.  (AFM Expert Discl. Ex. 2.)  LTK asserts that this represents an "entirely

9  different and contrary set of facts" from AFM's complaint, and therefore the court should

10  strike the expert reports.  (LTK Mot. at 10.)

11  **B. AFM's Motion to Compel**

12      As noted above, the court extended the deadline for filing motions related to

13  discovery issues from February 17, 2012 to April 3, 2012.  (1/23/12 Ord. at 2.)  Despite

14  this approximate six-week extension, AFM did not file its present motion to compel

15  discovery from LTK until April 20, 2012.  (*See generally* AFM Mot. (Dkt. # 73).)

16      AFM seeks an order compelling a more thorough response from LTK with respect

17  to AFM's requests for production of documents.  (*Id.* at 3.)  On February 14, 2012, AFM

18  served nine requests for production to LTK.  (*Id.* at 2-3; 4/20/12 Pierson Decl. (Dkt. # 74)

19  ¶ 4.)  At the time of AFM's motion, LTK had not provided any written responses or

20  objections to AFM's requests, and had produced only one document (a contract) with

21  respect to request for production number one.  (*Id.* ¶¶ 4-5, Ex. B.)

22

1    LTK responds by asserting that AFM's motion should be struck either as untimely

2  or because AFM did not comply with the requirement under Western District of

3  Washington Local Rule CR 37 to meet and confer prior to bringing a motion to compel

4  discovery.  (LTK Resp. (Dkt # 87) at 3-6.)  In addition, LTK asserts that the court should

5  deny AFM's motion as moot because it provided responses and additional documents to

6  AFM's requests for production on the day that LTK's response to AFM's motion was

7  due.  (*Id.* at 7.)  However, the only additional document that LTK produced with its

8  response to AFM's motion was a 1994 report prepared by GE.  (*See* 5/11/12 Pierson

9  Decl. (Dkt. # 89) Ex. B.)  Thus, in response to AFM's requests for production, LTK has

10  to date produced only two documents, a contract and the 1994 GE report.  (*Id.* ¶4.)

11    Nevertheless, LTK has committed to making additional documents available to

12  AFM at a "mutually convenient time and place."  (*See id.* Ex. A. (LTK's Responses to

13  AFM's RFP) at 2-5.)  Counsel for LTK has stated to counsel for AFM that LTK could

14  not make additional documents or responses available until a particular LTK

15  representative, Mr. Michael Collins, returned to LTK's Portland office on May 18, 2012.

16  (*Id.* ¶ 5.)[2]

17

18

19  _____

20    [2] The parties also brief at length a dispute concerning AFM's characterization of the
    deposition testimony of Mr. Collins.  (LTK Resp. at 7-10; 5/7/12 Wahtola Decl. (Dkt. # 86) ¶¶
21  17-26; Way Decl. (Dkt. # 90); LTK's Surreply (Dkt. # 93) at 2-3.)  The court considers this
    dispute to be largely irrelevant to its determination of the discovery issues presently before the
22  court.  The court urges the parties in future briefing to stick to the issues that they are asking the
    court to resolve at that time.

1

# III.   ANALYSIS

2

**A.  LTK's Motion to Strike**

3      Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony.

4  *See* Fed. R. Civ. P. 26.  With respect to the timing of expert disclosures, Rule 26(a)(2)(D)

5  provides:  "A party must make these disclosures at the times and in the sequence that the

6  court orders."  Fed. R. Civ. P. 26(a)(2)(D).  Parties who run afoul of Rule 26 may face

7  sanctions as specified in Federal Rule of Civil Procedure 37, which provides in relevant

8  part:

9      If a party fails to provide information or identify a witness as required by
       Rule 26(a) or (e), the party is not allowed to use that information or witness
10     to supply evidence on a motion, at a hearing, or at a trial, unless the failure
       was substantially justified or is harmless.

11

12  Fed. R. Civ. P. 37(c)(1).  However, "[t]wo express exceptions ameliorate the harshness of

13  Rule 37(c)(1):  The information may be introduced if the party can prove that its failure

    to disclose the required information is substantially justified or harmless."  *Yeti by Molly*

14  *Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) ("Implicit in Rule

15  37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")

16      Here, both parties disclosed their experts in an untimely manner.  Although AFM

17  served its expert reports and disclosures on April 11, 2012 (*see* AFM's Expert Discl.),

18  LTK served its expert reports on April 10, 2012, and its expert disclosures on April 13,

19  2012 (4/13/12 Wahtola Decl. ¶¶ 9-10).  Nevertheless, LTK belatedly moved on April 13,

20  2012 to extend the deadline for expert witness disclosures so that its disclosures would be

21  timely (*see* Dkt. # 61).  The court ordered the deadline extended to April 10, 2012

22

ORDER- 7

1   because it was under the misapprehension that LTK had served both its expert reports and

2   its expert disclosures on that day.  (*See* 5/1/12 Order at 8-9.)  Technically, because the

3   court only ordered an extension of the expert witness disclosure deadline to April 10,

4   2012, although LTK's expert reports are timely, its expert witness disclosures arguably

5   are not.  If not for this misunderstanding, the court would have ordered the deadline

6   extended to April 13, 2012, which would have rendered both LTK's April 13, 2012,

7   disclosures and AFM's April 11, 2012, disclosures timely.  In any event, because it was

8   the court's intension in response to LTK's unopposed April 13, 2012, motion to extend

9   the expert witness disclosure deadline as described above, the court hereby amends its

10  May 1, 2012 Order and extends the deadline to April 13, 2012.  This amendment renders

11  AFM's expert disclosures timely, and eliminates any ambiguity concerning the timeliness

12  of LTK's expert witness disclosures as well.

13          In its reply memorandum, LTK belatedly asserts that it was prejudiced by AFM's

14  failure to produce its expert witness disclosures prior to the discovery cut-off of April 10,

15  2012.  (LTK Reply (Dkt. # 84) at 5-6.)[3]  The court considers LTK's argument in this

16  regard to be startling and inconsistent.  After all, LTK did not serve its expert disclosures

17  until three days after the discovery cut-off and two days after AFM had served its expert

18  disclosures.  Further, LTK had already sought and obtained a court's order extending the

19  expert disclosure deadline to April 10, 2012 – the same day as the discovery cut-off.  (See

20  5/1/12 Order at 9.)  This extension did not apply to LTK alone, but to both parties.

21  _____

22      [3] Nowhere in its original motion does LTK argue that it was prejudiced by AFM's late
    expert witness disclosure.  (*See generally* LTK Mot.)

1    Because LTK sought the original extension of the expert witness disclosure deadline to

2    the same date as the discovery cut-off, it cannot now assert that it is prejudiced because it

3    did not receive AFM's expert witness disclosures prior to that date.  Even if the court had

4    not amended its prior order to extend the deadline to April 13, 2012, based on the totality

5    of the circumstances described above, the court would find that AFM had met its burden

6    of demonstrating that its late disclosure of expert witnesses was both harmless and

7    substantially justified.

8          Finally, LTK also asserts that the court should strike AFM's expert witness

9    disclosures because they relate to and support the more refined theory of liability stated in

10   AFM's November and December 2001 discovery responses rather than adhering strictly

11   to the more general allegations in AFM's complaint.  (*See* LTK Mot. at 2-3, 8-11.)  The

12   court previously addressed issues related to notice pleading and variance of proof from

13   the pleadings in its May 1, 2012 order.  (*See* 5/1/12 Order at 9-11.)  As noted in that

14   order, prior to the modern era of notice pleading, pleading requirements were strict and

15   variances of proof were not generally tolerated.  (*See id* at 9.)  Under the modern rules, a

16   complaint is simply required to put the defendant on notice of a claim showing that the

17   pleader is entitled to relief.  (*See id.* (citing Fed. R. Civ. P. 8).)  As AFM has noted, the

18   Ninth Circuit characterized the relevant allegations in AFM's complaint as "alleg[ing]

19   that the fire [on the SMS] was a result of LTK's negligent design." *Affiliated FM Ins.*

20   *Co. v. LTK Consulting Servs., Inc.*, 556 F.3d 920, 920 (9th Cir. 2009).  The Washington

21   Supreme Court described the salient allegations as "claiming that LTK was negligent in

22   changing the electrical ground system for the Blue and Red Trains." *Affiliated FM Ins.*

ORDER- 9

1    *Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521, 524 (Wash. 2010) (internal quotation

2    marks omitted).  The basic substance of these general allegations remains unchanged by

3    AFM's discovery responses.  AFM's discovery responses merely refine and give detail

4    and definition to AFM's general liability allegations.

5          Although the complaint alleges that LTK's negligent conduct occurred in the

6    2001/2002 time period, AFM's timely discovery responses revealed that LTK's negligent

7    conduct may have occurred as early as 1997 or 1998.  (*See, e.g.*, 3/30/12 Wahtola Decl.

8    Ex. 5 at 2-3.)  As the court has previously noted, even prior to the era of notice pleading

9    (when courts had less tolerance for variances between pleading and proof), discrepancies

10   in dates or timing were not considered to be fatal to a party's pleading.  (*See* 5/1/12 Order

11   at 10 (citing cases).)  Accordingly, the court finds no basis for striking AFM's expert

12   disclosures based on any significant variance between its complaint and discovery

13   responses.  AFM's complaint placed LTK on notice of the general grounds upon which

14   AFM's claim is based, and AFM's subsequent discovery responses have only served to

15   refine and focus those allegations.  The discrepancy with respect to timing between the

16   complaint and AFM's discovery responses is not fatal to its claims.  Accordingly, the

17   court denies LTK's motion to strike AFM's expert disclosures on this basis as well.

18   **B.  AFM's Motion to Compel**

19          "'[B]road discretion is vested in the trial court to permit or deny discovery, and its

20   decision to deny discovery will not be disturbed except upon the clearest showing that

21   denial of discovery results in actual and substantial prejudice to the complaining

22   litigant.'"  *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Sablan v. Dep't*

1    *of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988)).  AFM brought its motion after the deadline

2    set by the court for bringing such motions had expired.  The motion, therefore, is

3    untimely.  Further, AFM has never explained its reasons for the delinquent filing.

4    Untimely discovery motions are disfavored and may be denied on this ground alone.  *See*

5    *Rogers v. Brauer Law Offices, PLC*, CV–10–1693–PHX–LOA, 2011 WL 3665346, at *4

6    (D. Ariz. Aug. 22, 2011) (collecting district court cases within the Ninth Circuit where

7    courts have denied discovery motions filed after the discovery deadline).

8        On the other hand, granting AFM's motion may eliminate the need for a trial or

9    promote the ability of the parties to appropriately resolve their dispute on the merits.  *See*

10   *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("Generally, the purpose

11   of discovery is to remove surprise from trial preparation so the parties can obtain

12   evidence necessary to evaluate and resolve their dispute.").   LTK and its counsel have

13   committed in their late-served discovery responses to produce additional responsive

14   documents to AFM.  (5/11/12 Pierson Decl. Ex. A.)  Counsel for LTK, however, has

15   indicated that LTK could not do so until after one of LTK's employees returned to LTK's

16   Portland office on May 18, 2012.  (*Id.* ¶ 5.)  That date has now passed, and the court sees

17   no justification for further delay by LTK in fully responding to AFM's February 14, 2012

18   requests for production.  *See Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, No.

19   No. 1:10–cv–00148 LJO JLT, 2011 WL 2518948, at *2 (E.D. Cal. June 23, 2011) ("The

20   party resisting discovery ultimately carries the burden of showing why discovery should

21   not be allowed.") (citation omitted).  The court, therefore, will grant AFM's motion and

22   order LTK to produce its remaining responsive, non-privileged, documents.  *Cornwell v.*

ORDER- 11

1  *Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006) ("District courts have wide

2  latitude in controlling discovery, and [their] rulings will not be overturned in the absence

3  of a clear abuse of discretion.") (internal quotation marks and citation omitted); *Little v.*

4  *City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

5          AFM, nevertheless, asserts that LTK is attempting to unfairly narrow its requests

6  for production through an evasively formulated response.  (*See* AFM Reply (Dkt. # 88) at

7  2-3.)[4]  LTK has stated in response to at least two of AFM's requests for production that

8  "LTK has now produced to [AFM] all information in LTK's possession relating to the

9  GE Traction Motor Control Replacement Project that is the subject of [AFM's] Answers

10  to LTK's First Set of Interrogatories to [AFM] and undertaken in connection with project

11  number 2225."  (5/11/12 Pierson Decl. Ex. A at 3.)  AFM asserts that by answering in

12  this manner LTK "is attempting to avoid responding to [AFM's] requests for production

13  by claiming that it has produced everything it possess that is responsive to an

14  interrogatory [LTK] sent to [AFM]."  (AFM Reply at 2-3.)  The court finds LTK's

15  response to be disturbingly convoluted, and counsels LTK that it may not limit an

16  otherwise valid discovery request through an artful but evasive response.  The court

17  _____

18          [4] LTK filed a surreply with respect to AFM's motion.  (*See generally* LTK Surreply.)  In
   its surreply, LTK asks the court to strike AFM's entire reply memorandum, along with AFM's
19  supporting declarations, on grounds that AFM's submissions were untimely and raised new
   arguments.  (*Id.* at 1-3.)  Contrary to LTK's assertions, AFM's reply memorandum was timely
20  filed.  Further, the court has already indicated that it views the discussion of Mr. Collins'
   deposition testimony to be irrelevant to the discovery disputes presently before it, and is
21  therefore giving this portion of the parties briefing the weight it deserves with respect to these
   issues.  Accordingly, the court denies LTK's request to strike AFM's reply memorandum and
22  related declarations.

ORDER- 12

1    nevertheless assumes that, despite LTK's equivocal answer to AFM's requests for

2    production, LTK will appropriately produce the remaining documents in its possession

3    that are responsive to AFM's requests.  The court, therefore, grants AFM's motion to

4    compel, and further orders LTK to produce all remaining, non-privileged, responsive

5    documents in its possession to AFM no later than seven days following the date of this

6    order.[5]

7                              **IV.    CONCLUSION**

8          Based on the foregoing analysis, the court DENIES LTK's motion to strike

9    AFM's expert witness disclosures (Dkt. # 60) and GRANTS AFM's motion to compel

10   (Dkt. # 73).

11         Dated this 25th day of May, 2012.

12

13

14   _____

15   JAMES L. ROBART
     United States District Judge

16

17

18

19
     _____

20        [5]LTK also asserts that AFM's motion should be denied because AFM failed to comply
21   with the requirements of Western District of Washington Local Rule CR 37(a)(1)(A) to meet and
     confer with opposing counsel prior to the filing of a discovery motion.  (LTK Resp. at 5-6.)
22   Having reviewed the record, the court is satisfied that counsels' discussions on April 3, 2012
     satisfy this requirement.  (*See* 5/7/12 Wahtola Decl. (Dkt. # 86) ¶¶ 9-13.)

ORDER- 13