UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AFFILIATED FM INSURANCE CO., | CASE NO. C06-1750JLR |
| Plaintiff, | ORDER |
| v. | |
| LTK CONSULTING SERVICES, INC, | |
| Defendant. | |

## I.  INTRODUCTION

Before the court are (1) Defendant LTK Consulting Services, Inc.'s ("LTK") motion to strike Plaintiff Affiliated FM Insurance Company's ("AFM") expert witness disclosures (Dkt. # 60), and (2) AFM's motion to compel discovery (Dkt. # 73). The court has reviewed both motions, all memorandum and declarations filed in support or

opposition thereto, and the relevant law. Being fully advised,[1] the court DENIES LTK's motion to strike AFM's expert witness disclosures (Dkt. # 60) and GRANTS AFM's motion to compel discovery (Dkt. # 73).

## II. BACKGROUND

This action arises out of a fire that occurred on May 31, 2004 and damaged the Blue and Red Trains of the Seattle Monorail System ("SMS"). (*See* Not. of Rem. (Dkt. # 1) at 7 (Compl. ¶¶ 1.1, 3.2).) AFM paid SMS $3,267,861.00 for damages resulting from the fire. (*Id.* ¶ 5.1.) AFM brings this action as the subrogee of the SMS against LTK regarding engineering services that LTK allegedly performed negligently with respect to the SMS. (*Id.*)

On January 18, 2012, the parties asked for an extension of certain pretrial deadlines. (Stip. Mot. (Dkt. # 46).) On January 23, 2012, the court granted this motion in part by extending certain deadlines, including the deadline for expert disclosures from January 18, 2012 to March 20, 2012, the deadline for discovery motions from February 17, 2012 to April 3, 2012, and the deadline for completing discovery from March 19, 2012 to April 10, 2012. (1/23/12 Ord. (Dkt. # 49) at 2-3.)

---

[1] Neither party has requested oral argument with respect to either motion, and the court deems it to be unnecessary.

**A. LTK's Motion to Strike**

Despite the fact that the deadline set by the court for disclosing expert witnesses expired on March 20, 2012, no party in this litigation had served their expert disclosures by that date. LTK served its expert witness reports on April 10, 2012 (4/13/12 Wahtola Decl. (Dkt. # 61-1) ¶ 9) and its expert witness disclosures on April 13, 2012 (*id.* ¶ 10), and AFM filed and served its expert witness disclosures on April 11, 2012 (AFM's Expert Discl. (Dkt. # 58)).

On March 30, 2012, LTK filed a motion to extend all of the pretrial deadlines and the trial date by approximately six months. (*See* Dkt. # 51.) AFM did not oppose the motion, but on April 13, 2012, LTK suddenly withdrew its motion and asked only that the deadline for expert witness disclosures be extended. (*See* Dkt. # 61.) Because AFM did not oppose this request or demonstrate any prejudice as a result of the delay in LTK's expert witness disclosure, the court granted the motion and extended the expert witness disclosure deadline to April 10, 2012, stating that "LTK's expert witness disclosures on April 10, 2012 would now be considered timely." (*See* 5/1/12 Order at 8-9.) The court should have extended the deadline to April 13 because this was in fact the date of LTK's late expert witness disclosures. The court, however, only extended the deadline to April 10 because it was under the misapprehension (due to LTK's confusing briefing, and AFM's failure to respond to LTK's motion at all) that LTK had served both its expert reports and expert witness disclosures on April 10, 2012. (*See* 5/1/12 Order at 8-9.) In any event, despite the court's extension of leniency toward LTK with respect to the late service of its expert witness reports and disclosures, LTK now asks the court to strike

AFM's late expert witness disclosures – even though AFM's expert disclosures were actually filed and served two days earlier than LTK's disclosures. (*See generally* LTK Mot. (Dkt. # 60).)

LTK also asserts that AFM's expert disclosures should be struck because AFM's reports "totally abandon the factual allegations pled in the [c]omplaint and posit an entirely different and contrary set of facts involving both different manners of negligence and different timeframes." (LTK Mot. at 10.) In their complaint, AFM alleges that "[t]he electrical ground fault responsible for causing the fire in the Blue Train on May 30, 2004 would have been avoided if the electrical grounding system for the Blue Train had not been changed at the direction of LTK Engineering in 2002," and "LTK . . . negligently failed to exercise ordinary care in changing the electrical grounding system for the Blue and Red Trains . . . in 2001 and 2002." (Compl. ¶¶ 3.3, 4.2.) However, in its November 30, 2011 responses to LTK's requests for admission, AFM stated that "[d]iscovery to date has uncovered that, in fact, the City of Seattle contracted with defendant to refurbish the Seattle Monorail System first in 1990 and 1997," and that "[w]hen defendant contracted with the City of Seattle in 1990 and 1997, the Grounding System for the Blue Train was a floating ground system." (3/30/12 Wahtola Decl. (Dkt. # 52) ¶ 22 & Ex. 3.) AFM provided similar answers on December 7, 2011 in response to LTK's interrogatories indicating that during 1997 "LTK approved the modification of the train grounding scheme from a 'floating body' design to a 'body ground to negative rail' design," and this change "represented a fundamental change in the grounding system that

affected its function, maintenance and operating procedures, and safety for both staff and passengers." (*Id.* Ex. 5 at 2-4.)

AFM's expert reports apparently build on the theory of liability outlined in AFM's November and December 2011 discovery responses. AFM's expert reports suggest that LTK was negligent because (1) LTK allegedly changed a "floating" grounding system on the SMS to a "grounded" grounding system in 1997 or 1998, and (2) LTK allegedly failed to change the "grounded" grounding system back to a "floating" grounding system in 2001. (AFM Expert Discl. Ex. 2.) LTK asserts that this represents an "entirely different and contrary set of facts" from AFM's complaint, and therefore the court should strike the expert reports. (LTK Mot. at 10.)

**B. AFM's Motion to Compel**

As noted above, the court extended the deadline for filing motions related to discovery issues from February 17, 2012 to April 3, 2012. (1/23/12 Ord. at 2.) Despite this approximate six-week extension, AFM did not file its present motion to compel discovery from LTK until April 20, 2012. (*See generally* AFM Mot. (Dkt. # 73).)

AFM seeks an order compelling a more thorough response from LTK with respect to AFM's requests for production of documents. (*Id.* at 3.) On February 14, 2012, AFM served nine requests for production to LTK. (*Id.* at 2-3; 4/20/12 Pierson Decl. (Dkt. # 74) ¶ 4.) At the time of AFM's motion, LTK had not provided any written responses or objections to AFM's requests, and had produced only one document (a contract) with respect to request for production number one. (*Id.* ¶¶ 4-5, Ex. B.)

1         LTK responds by asserting that AFM's motion should be struck either as untimely
2 or because AFM did not comply with the requirement under Western District of
3 Washington Local Rule CR 37 to meet and confer prior to bringing a motion to compel
4 discovery. (LTK Resp. (Dkt # 87) at 3-6.) In addition, LTK asserts that the court should
5 deny AFM's motion as moot because it provided responses and additional documents to
6 AFM's requests for production on the day that LTK's response to AFM's motion was
7 due. (*Id.* at 7.) However, the only additional document that LTK produced with its
8 response to AFM's motion was a 1994 report prepared by GE. (*See* 5/11/12 Pierson
9 Decl. (Dkt. # 89) Ex. B.) Thus, in response to AFM's requests for production, LTK has
10 to date produced only two documents, a contract and the 1994 GE report. (*Id.* ¶ 4.)

11         Nevertheless, LTK has committed to making additional documents available to
12 AFM at a "mutually convenient time and place." (*See id.* Ex. A. (LTK's Responses to
13 AFM's RFP) at 2-5.) Counsel for LTK has stated to counsel for AFM that LTK could
14 not make additional documents or responses available until a particular LTK
15 representative, Mr. Michael Collins, returned to LTK's Portland office on May 18, 2012.
16 (*Id.* ¶ 5.)[2]

---

[2] The parties also brief at length a dispute concerning AFM's characterization of the deposition testimony of Mr. Collins. (LTK Resp. at 7-10; 5/7/12 Wahtola Decl. (Dkt. # 86) ¶¶ 17-26; Way Decl. (Dkt. # 90); LTK's Surreply (Dkt. # 93) at 2-3.) The court considers this dispute to be largely irrelevant to its determination of the discovery issues presently before the court. The court urges the parties in future briefing to stick to the issues that they are asking the court to resolve at that time.

### III. ANALYSIS

**A. LTK's Motion to Strike**

Federal Rule of Civil Procedure 26 governs the disclosure of expert testimony. *See* Fed. R. Civ. P. 26. With respect to the timing of expert disclosures, Rule 26(a)(2)(D) provides: "A party must make these disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Parties who run afoul of Rule 26 may face sanctions as specified in Federal Rule of Civil Procedure 37, which provides in relevant part:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). However, "[t]wo express exceptions ameliorate the harshness of Rule 37(c)(1): The information may be introduced if the party can prove that its failure to disclose the required information is substantially justified or harmless." *Yeti by Molly Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106-07 (9th Cir. 2001) ("Implicit in Rule 37(c)(1) is that the burden is on the party facing sanctions to prove harmlessness.")

Here, both parties disclosed their experts in an untimely manner. Although AFM served its expert reports and disclosures on April 11, 2012 (*see* AFM's Expert Discl.), LTK served its expert reports on April 10, 2012, and its expert disclosures on April 13, 2012 (4/13/12 Wahtola Decl. ¶¶ 9-10). Nevertheless, LTK belatedly moved on April 13, 2012 to extend the deadline for expert witness disclosures so that its disclosures would be timely (*see* Dkt. # 61). The court ordered the deadline extended to April 10, 2012

ORDER- 7

because it was under the misapprehension that LTK had served both its expert reports and its expert disclosures on that day. (*See* 5/1/12 Order at 8-9.) Technically, because the court only ordered an extension of the expert witness disclosure deadline to April 10, 2012, although LTK's expert reports are timely, its expert witness disclosures arguably are not. If not for this misunderstanding, the court would have ordered the deadline extended to April 13, 2012, which would have rendered both LTK's April 13, 2012, disclosures and AFM's April 11, 2012, disclosures timely. In any event, because it was the court's intension in response to LTK's unopposed April 13, 2012, motion to extend the expert witness disclosure deadline as described above, the court hereby amends its May 1, 2012 Order and extends the deadline to April 13, 2012. This amendment renders AFM's expert disclosures timely, and eliminates any ambiguity concerning the timeliness of LTK's expert witness disclosures as well.

In its reply memorandum, LTK belatedly asserts that it was prejudiced by AFM's failure to produce its expert witness disclosures prior to the discovery cut-off of April 10, 2012. (LTK Reply (Dkt. # 84) at 5-6.)[3] The court considers LTK's argument in this regard to be startling and inconsistent. After all, LTK did not serve its expert disclosures until three days after the discovery cut-off and two days after AFM had served its expert disclosures. Further, LTK had already sought and obtained a court's order extending the expert disclosure deadline to April 10, 2012 – the same day as the discovery cut-off. (See 5/1/12 Order at 9.) This extension did not apply to LTK alone, but to both parties.

---

[3] Nowhere in its original motion does LTK argue that it was prejudiced by AFM's late expert witness disclosure. (*See generally* LTK Mot.)

ORDER- 8

Because LTK sought the original extension of the expert witness disclosure deadline to the same date as the discovery cut-off, it cannot now assert that it is prejudiced because it did not receive AFM's expert witness disclosures prior to that date. Even if the court had not amended its prior order to extend the deadline to April 13, 2012, based on the totality of the circumstances described above, the court would find that AFM had met its burden of demonstrating that its late disclosure of expert witnesses was both harmless and substantially justified.

Finally, LTK also asserts that the court should strike AFM's expert witness disclosures because they relate to and support the more refined theory of liability stated in AFM's November and December 2001 discovery responses rather than adhering strictly to the more general allegations in AFM's complaint. (*See* LTK Mot. at 2-3, 8-11.) The court previously addressed issues related to notice pleading and variance of proof from the pleadings in its May 1, 2012 order. (*See* 5/1/12 Order at 9-11.) As noted in that order, prior to the modern era of notice pleading, pleading requirements were strict and variances of proof were not generally tolerated. (*See id* at 9.) Under the modern rules, a complaint is simply required to put the defendant on notice of a claim showing that the pleader is entitled to relief. (*See id.* (citing Fed. R. Civ. P. 8).) As AFM has noted, the Ninth Circuit characterized the relevant allegations in AFM's complaint as "alleg[ing] that the fire [on the SMS] was a result of LTK's negligent design." *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 556 F.3d 920, 920 (9th Cir. 2009). The Washington Supreme Court described the salient allegations as "claiming that LTK was negligent in changing the electrical ground system for the Blue and Red Trains." *Affiliated FM Ins.*

*Co. v. LTK Consulting Servs., Inc.*, 243 P.3d 521, 524 (Wash. 2010) (internal quotation marks omitted). The basic substance of these general allegations remains unchanged by AFM's discovery responses. AFM's discovery responses merely refine and give detail and definition to AFM's general liability allegations.

Although the complaint alleges that LTK's negligent conduct occurred in the 2001/2002 time period, AFM's timely discovery responses revealed that LTK's negligent conduct may have occurred as early as 1997 or 1998. (*See, e.g.*, 3/30/12 Wahtola Decl. Ex. 5 at 2-3.) As the court has previously noted, even prior to the era of notice pleading (when courts had less tolerance for variances between pleading and proof), discrepancies in dates or timing were not considered to be fatal to a party's pleading. (*See* 5/1/12 Order at 10 (citing cases).) Accordingly, the court finds no basis for striking AFM's expert disclosures based on any significant variance between its complaint and discovery responses. AFM's complaint placed LTK on notice of the general grounds upon which AFM's claim is based, and AFM's subsequent discovery responses have only served to refine and focus those allegations. The discrepancy with respect to timing between the complaint and AFM's discovery responses is not fatal to its claims. Accordingly, the court denies LTK's motion to strike AFM's expert disclosures on this basis as well.

**B. AFM's Motion to Compel**

"'[B]road discretion is vested in the trial court to permit or deny discovery, and its decision to deny discovery will not be disturbed except upon the clearest showing that denial of discovery results in actual and substantial prejudice to the complaining litigant.'" *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (quoting *Sablan v. Dep't*

*of Fin.*, 856 F.2d 1317, 1321 (9th Cir. 1988)). AFM brought its motion after the deadline set by the court for bringing such motions had expired. The motion, therefore, is untimely. Further, AFM has never explained its reasons for the delinquent filing. Untimely discovery motions are disfavored and may be denied on this ground alone. *See Rogers v. Brauer Law Offices, PLC*, CV–10–1693–PHX–LOA, 2011 WL 3665346, at *4 (D. Ariz. Aug. 22, 2011) (collecting district court cases within the Ninth Circuit where courts have denied discovery motions filed after the discovery deadline).

On the other hand, granting AFM's motion may eliminate the need for a trial or promote the ability of the parties to appropriately resolve their dispute on the merits. *See Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 636 (C.D. Cal. 2005) ("Generally, the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."). LTK and its counsel have committed in their late-served discovery responses to produce additional responsive documents to AFM. (5/11/12 Pierson Decl. Ex. A.) Counsel for LTK, however, has indicated that LTK could not do so until after one of LTK's employees returned to LTK's Portland office on May 18, 2012. (*Id.* ¶ 5.) That date has now passed, and the court sees no justification for further delay by LTK in fully responding to AFM's February 14, 2012 requests for production. *See Gerawan Farming, Inc. v. Prima Bella Produce, Inc.*, No. No. 1:10–cv–00148 LJO JLT, 2011 WL 2518948, at *2 (E.D. Cal. June 23, 2011) ("The party resisting discovery ultimately carries the burden of showing why discovery should not be allowed.") (citation omitted). The court, therefore, will grant AFM's motion and order LTK to produce its remaining responsive, non-privileged, documents. *Cornwell v.*

*Electra Central Credit Union*, 439 F.3d 1018 (9th Cir. 2006) ("District courts have wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.") (internal quotation marks and citation omitted); *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

AFM, nevertheless, asserts that LTK is attempting to unfairly narrow its requests for production through an evasively formulated response. (*See* AFM Reply (Dkt. # 88) at 2-3.)[4] LTK has stated in response to at least two of AFM's requests for production that "LTK has now produced to [AFM] all information in LTK's possession relating to the GE Traction Motor Control Replacement Project that is the subject of [AFM's] Answers to LTK's First Set of Interrogatories to [AFM] and undertaken in connection with project number 2225." (5/11/12 Pierson Decl. Ex. A at 3.) AFM asserts that by answering in this manner LTK "is attempting to avoid responding to [AFM's] requests for production by claiming that it has produced everything it possess that is responsive to an interrogatory [LTK] sent to [AFM]." (AFM Reply at 2-3.) The court finds LTK's response to be disturbingly convoluted, and counsels LTK that it may not limit an otherwise valid discovery request through an artful but evasive response. The court

---

[4] LTK filed a surreply with respect to AFM's motion. (*See generally* LTK Surreply.) In its surreply, LTK asks the court to strike AFM's entire reply memorandum, along with AFM's supporting declarations, on grounds that AFM's submissions were untimely and raised new arguments. (*Id.* at 1-3.) Contrary to LTK's assertions, AFM's reply memorandum was timely filed. Further, the court has already indicated that it views the discussion of Mr. Collins' deposition testimony to be irrelevant to the discovery disputes presently before it, and is therefore giving this portion of the parties briefing the weight it deserves with respect to these issues. Accordingly, the court denies LTK's request to strike AFM's reply memorandum and related declarations.

nevertheless assumes that, despite LTK's equivocal answer to AFM's requests for production, LTK will appropriately produce the remaining documents in its possession that are responsive to AFM's requests. The court, therefore, grants AFM's motion to compel, and further orders LTK to produce all remaining, non-privileged, responsive documents in its possession to AFM no later than seven days following the date of this order.[5]

### IV.   CONCLUSION

Based on the foregoing analysis, the court DENIES LTK's motion to strike AFM's expert witness disclosures (Dkt. # 60) and GRANTS AFM's motion to compel (Dkt. # 73).

Dated this 25th day of May, 2012.

JAMES L. ROBART
United States District Judge

---

[5] LTK also asserts that AFM's motion should be denied because AFM failed to comply with the requirements of Western District of Washington Local Rule CR 37(a)(1)(A) to meet and confer with opposing counsel prior to the filing of a discovery motion. (LTK Resp. at 5-6.) Having reviewed the record, the court is satisfied that counsels' discussions on April 3, 2012 satisfy this requirement. (*See* 5/7/12 Wahtola Decl. (Dkt. # 86) ¶¶ 9-13.)